# In the United States Court of Federal Claims

No. 25-933
(Filed: March 5, 2026)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * *   *
                                  *
KIYRA K. MORRIS,                  *
                                  *
                  Plaintiff,      *
                                  *
        v.                        *
                                  *
THE UNITED STATES,                *
                                  *
                  Defendant.      *
                                  *
  * * * * * * * * * * * * * * * **  *
```

*Kirya K. Morris*, *pro se*, of Forest Lake, MN.

*Collin T. Mathias*, Trial Attorney, with whom were *Tara K. Hogan*, Assistant Director, *Patricia M. McCarthy*, Director, and *Brett A. Shumate*, Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, all of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

*Pro se* Plaintiff, Kiyra Morris, filed suit in this Court asserting violations of various constitutional amendments from an alleged wrongful arrest. As explained below, the Court lacks subject matter jurisdiction over Plaintiff's claims. Accordingly, the government's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") is granted.

## BACKGROUND

Plaintiff filed her complaint in this action on May 30, 2025. *See generally* ECF No. 1. Plaintiff's allegations largely surround an arrest on August 19 or 20, 2024, and subsequent judicial proceedings. *See id.* at 2. Plaintiff states that she was "a victim of domestic abuse by a person who went onto [her] phone without [her] permission and stole money using PayPal and cash app, then stole [her] . . . social security number and other personal information." *Id.* After, Plaintiff claims that four alleged "officers" approached her parked vehicle. *Id.* Plaintiff told one of them what happened, and this individual "cohered [sic] [her] out of [her] vehicle . . . asked to

do some tests . . . asked [her] to close [her] eyes . . . [and] put [her] arms behind [her]." *Id.* She further alleges that she was "placed into handcuffs" and taken to another location, where "falsified documents and statements," were used to subject her to medical procedures without her consent or being allowed counsel. *Id.* at 2–3.

Following this alleged interaction, Plaintiff claims she submitted "[m]ultiple filings of complaints with [the] Minnesota government and their offices," but she has not prevailed to date. *Id* at 3. Based on this supposed arrest and—from what the Court can surmise—the subsequent judicial proceedings, Plaintiff raises violations of a "[m]ultitude of Constitutional Rights." *Id.* at 1. These include the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, Thirteenth, and Fourteenth Amendments. *Id.* at 1, 3. Her Fifth Amendment claim rests upon the Due Process Clause. *Id.* at 1 ("Due process not obtained[.]"). Plaintiff also attaches a number of "certificates," "notices," "claims," and "fee schedules." *Id.* at 4–17. These reference the "Cestui Que Vie" trust, *id.* at 4, and state that Plaintiff is a "Foreign Sovereign[]," *id.* at 10. To redress these alleged harms, Plaintiff demands "settlement, [and to be] put on a do not detain list." *Id.* at 18.

On August 29, 2025, the government filed a motion to dismiss Plaintiff's complaint pursuant to RCFC 12(b)(1), arguing that "the complaint only raises claims against parties other than the United States, claims that are based on laws that are not money-mandating, and [ ] sovereign citizen theories . . . [that] are frivolous." ECF No. 9 at 1. In its motion, the government notes that, "a *pro se* plaintiff is not excused from the burden of meeting the Court's jurisdictional requirements." *Id.* at 2–3 (citing *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)). The government asserts that the complaint does not establish jurisdiction because Plaintiff's "claims [are] based upon the actions of state and local police officers and officials." *Id.* at 4. Furthermore, the government argues that the claims fall outside the Court's jurisdiction, as Plaintiff alleges violations of non-money-mandating constitutional amendments, the federal criminal code, the Foreign Sovereign Immunities Act ("FSIA"), and tort law. *See id.* at 5–6. Additionally, the government claims that the complaint bears hallmarks of a sovereign citizen suit, and "[b]ecause claims based upon sovereign citizen theories are 'frivolous . . .' they should be 'rejected summarily, however they are presented.'" *Id.* at 8 (quoting *United States v. Benabe*, 654 F.3d 753, 761–67 (7th Cir. 2011)). Finally, the government requested that the Court "certify that any appeal would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3)." *Id.* at 9. Plaintiff did not file a response to the government's motion to dismiss.

**DISCUSSION**

**A.    Legal Standard**

In accordance with RCFC 12(b)(1), the Court must dismiss any claim that does not fall within its subject matter jurisdiction. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). In considering a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made by the nonmoving party and view all logical inferences in the light most favorable to that party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Although

2

the Court holds a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley*, 812 F.2d at 1380). Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This Court, like all federal courts, is a court of limited jurisdiction. Under the Tucker Act, the Court of Federal Claims may "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act does not, of itself, create a substantive right enforceable against the United States." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Rather, to state a claim within this Court's Tucker Act jurisdiction, "the plaintiff must identify a separate contract, regulation, statute, or constitutional provision that provides for money damages against the United States." *Id.* Stated differently, a plaintiff must state a claim based on a provision that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained," *United States v. Mitchell*, 463 U.S. 206, 217 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)), and the provision's text must be "reasonably amenable to the reading that it mandates a right of recovery in damages," *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003).

## B.      Analysis

Plaintiff's claims from her alleged arrest fall far afield of the Court's subject matter jurisdiction. The Court begins by noting that Plaintiff's claims resemble those typically associated with the legally unsubstantiated sovereign citizen movement. As another judge of this Court put it, "sovereign citizens believe that they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011) (citing cases). Their claims are "legal fiction[s] . . . not based in law but in the fantasies of the sovereign citizen movement." *Wood v. United States*, 161 Fed. Cl. 30, 35 (2022). Judges of this Court have rejected jurisdiction for such claims consistently. *See Mitchell v. United States*, 136 Fed. Cl. 286, 289 (2018) (describing claims by the sovereign citizen movement as "frivolous and [unable to] serve as the basis for this Court's assertion of jurisdiction"); *Fanelli v. United States*, 146 Fed. Cl. 462, 469 (2020) (dismissing a sovereign citizen-based case for lack of jurisdiction); *Double Lion Uchet Express Tr. v. United States*, 153 Fed. Cl. 392, 401 (2021) (stating that "amid the voluminous pages of legalese and homemade documentary falsities submitted to the court, plaintiffs have not alleged a nonfrivolous claim"). Plaintiff's claims do not encourage the Court to depart from this consistent pattern of dismissal.

First, Plaintiff's claims are primarily alleged against parties other than the United States. However, the Court only possesses jurisdiction to entertain claims against the United States. *Stephenson v. United States,* 58 Fed. Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any

3

matter before [the Court of Federal Claims] is the United States." (emphasis in original) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941))). Here, Ms. Morris's allegations are against state and local police officers, officials, judges, attorneys, and correctional officers. *See* ECF No. 1 at 1, 3 (listing "police, judges, attorneys, and correctional officers obstructing The Constitution of the United States of America" followed by a list of directed allegations against these actors). Therefore, all of Plaintiff's claims that are directed at state or private parties must be dismissed for lack of jurisdiction.

Second, the Court's jurisdiction only extends to claims arising from money-mandating sources of law, including only money-mandating provisions of the Constitution. *Ogden v. United States*, 61 Fed. Cl. 44, 47 (2004) ("Not every claim, however, which involves or invokes the Constitution necessarily confers jurisdiction on this court."). Accordingly, the Court's jurisdiction does not extend to Plaintiff's claims under the First, Second, Fourth, Sixth, Seventh, Eighth, Ninth, Eleventh, Thirteenth, and Fourteenth Amendments, ECF No. 1 at 1, 3, because this Court has routinely held that they are not money-mandating provisions, *see, e.g.*, *Ogden*, 61 Fed. at 47 (finding that the First, Fourth, Sixth, Eighth, Ninth, and Fourteenth Amendments are not money-mandating); *Jordan v. United States*, 128 Fed. Cl. 46, 53 (2016) (stating that the Second Amendment is not money-mandating); *Taylor v. United States*, 168 Fed. Cl. 696, 703 (2023) ("[T]his Court lacks subject matter jurisdiction to adjudicate Plaintiff's Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Thirteenth Amendment claims."); *Stephens v. United States*, 165 Fed. Cl. 341, 348 (2023) ("Additionally . . . the Eleventh Amendment [is not] considered [a] money-mandating provision[] of the Constitution."). Furthermore, the Court lacks jurisdiction over Plaintiff's Fifth Amendment claims because they are rooted in the Due Process Clause which "do[es] not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980)). Therefore, even if pled against the United States, Plaintiff's laundry list of constitutional amendment claims would nonetheless warrant dismissal.

Finally, to the extent Plaintiff's factual allegations state a claim under tort or criminal law, the Court still lacks jurisdiction and must dismiss. *Dziekonski v. United States*, 120 Fed. Cl. 806, 811 (2015) ("Assuming plaintiff were to make out a cognizable criminal violation claim, the Court of Federal Claims lacks jurisdiction to entertain criminal matters." (citing *Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994))); *Ross v. United States*, 122 Fed. Cl. 343, 347 (2015) (stating that the Tucker Act grants jurisdiction for money claims "not sounding in tort" (quoting 28 U.S.C. § 1491(a)(1))). In sum, the Court cannot exercise jurisdiction over any of Plaintiff's claims and must dismiss her case in its entirety.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge